[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-10937
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 18, 2011
JOHN LEY
CLERK

D. C. Docket No. 1:09-cv-01437-JOF

WENDELL SLATER,
CHARMELL SLATER,

Plaintiffs-Appellants,

versus

STATE FARM FIRE AND CASUALTY
COMPANY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(November 18, 2011)

Before DUBINA, Chief Judge, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

This case involves an insurance coverage dispute between plaintiffs

Wendell Slater and Charmell Slater and defendant, State Farm Fire and Casualty Company. The district court granted State Farm's motion for summary judgment and the Slaters then perfected this appeal.

In 2008, a fire destroyed the Slaters' house in Hampton, Georgia. At the time, the Slaters' property was insured with State Farm. The policy provided coverage for certain insured losses with respect to real and personal property owned by the Slaters, subject to the terms, conditions, and exclusions of the policy and applicable Georgia law. The district court granted summary judgment in favor of State Farm on the basis that no reasonable jury could conclude, based upon the facts of the case, that either Wendell Slater or Charmell Slater was residing at the dwelling when the loss occurred. Accordingly, the district court found there was no coverage afforded by the policy.

This court reviews the district court's grant of summary judgment *de novo*, applying the same legal standards as those that govern the district court. *Capone v. Aetna Life Ins. Co.,* 592 F.3d 1189, 1194 (11th Cir. 2010). After reviewing the record and reading the parties' briefs, we agree with the district court that because neither of the Slaters was residing at the dwelling when the loss occurred there is no coverage afforded by the insurance policy. Moreover, the Slaters' claim for loss of personal property should not be treated separately from their claim for the

2

loss of the dwelling because the Slaters failed to raise that issue in the district court. Even if, however, we consider this argument raised by the Slaters for the first time on appeal, we would conclude that this issue is without merit because Georgia courts have previously disposed of an insurer's entire claim based on the insurer's violation of the residency condition. Lastly, we conclude the Slaters are not entitled to bad faith penalties because there is no coverage owed under the Slaters' policy with State Farm.

For the foregoing reasons, we affirm the district court's grant of summary judgment in favor of State Farm.

AFFIRMED.